UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERICK YOUNG, | ) | No. CV 08-0627-RC |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

On May 15, 2008, plaintiff Erick Young filed a complaint seeking review of the decision denying his applications for disability benefits. On October 6, 2008, the Commissioner answered the complaint, and the parties filed a joint stipulation on November 25, 2008.

**BACKGROUND**

**I**

On May 1, 2006, plaintiff applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, and the Supplemental Security Income program ("SSI") of Title XVI of the Act,

1  claiming an inability to work since March 10, 2003, due to neck and
2  back injuries and a learning disability.  Certified Administrative
3  Record ("A.R.") 30, 89-96, 134.  The plaintiff's applications were
4  initially denied on July 10, 2006, and were denied again following
5  reconsideration on December 22, 2006.  A.R. 53-56, 59-64.  The
6  plaintiff then requested an administrative hearing, which was held on
7  November 2, 2007, before Administrative Law Judge Lowell Fortune ("the
8  ALJ").  A.R. 27-48, 66.  On November 28, 2007, the ALJ issued a
9  decision finding plaintiff is not disabled.  A.R. 13-25.  The
10 plaintiff appealed this decision to the Appeals Council, which denied
11 review on April 11, 2008.  A.R. 4-6, 21.

**II**

The plaintiff, who was born on November 6, 1975, is currently 33 years old.  A.R. 30, 89, 94.  He has an eleventh-grade education, and previously worked as a warehouse worker and forklift operator.  A.R. 25, 30, 122-29, 134-35, 138.

On December 12, 2002, plaintiff injured his neck and lower back in a motor vehicle accident.  A.R. 168, 187.  On March 22, 2003, Munir Uwaydah, M.D., examined plaintiff and ordered testing to rule out herniated discs.  A.R. 187-91.  On April 29, 2003, plaintiff had a cervical spine MRI, which was unremarkable.  A.R. 182-84.  On May 13, 2003, plaintiff had a thoracic spine MRI, which was negative.  A.R. 180-81.  On June 18, 2003, Dr. Uwaydah, M.D., examined plaintiff and diagnosed him with cervical and thoracic sprains/strains and recommended cervical epidural steroid facet injections.  A.R. 177-78.
//

2

1    On April 25, 2003, Stephen P. Mermillion, D.C., examined
2 plaintiff, diagnosed him with acute traumatic cervical sprain/strain
3 associated with decreased range of motion and subluxation and acute
4 traumatic thoracic sprain/strain associated with subluxation, and
5 released plaintiff from treatment, noting that plaintiff still
6 complains of periodic mid-thoracic discomfort when he wakes up in the
7 morning, but the stiffness usually goes away when plaintiff starts
8 moving.  A.R. 168-72.  Dr. Mermillion noted no other subjective
9 complaints or positive objective findings.  A.R. 172.
10
11    On August 5, 2003, Brent Pratley, M.D., examined plaintiff,
12 referred him for active physiotherapy, prescribed medication, and
13 concluded plaintiff could return to work part-time with no heavy
14 lifting, repetitive bending or working overhead.  A.R. 166-67, 193-95.
15 Plaintiff received physical therapy five times in August 2003.  A.R.
16 173-76.  On September 2, 2003, Dr. Pratley re-examined plaintiff,
17 diagnosed him with chronic cervicothoracic and lumbosacral
18 sprains/strains, and opined plaintiff should be restricted from
19 working overhead or prolonged standing.  A.R. 162-65.
20
21    On June 6, 2006, Thomas Dorsey, M.D., an orthopedic surgeon,
22 examined plaintiff, diagnosed him with resolved thoracic and lumbar
23 musculoligamentous sprains and strains, and concluded plaintiff has no
24 impairment-related physical limitations, A.R. 197-200, and on
25 December 21, 2006, non-examining physician R.B. Paxton, M.D., opined
26 plaintiff does not have a severe physical impairment.  A.R. 220-21.
27 //
28 //

3

**DISCUSSION**

**III**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Sam v. Astrue, 550 F.3d 808, 809 (9th Cir. 2008) (per curiam); Vasquez v. Astrue, 547 F.3d 1101, 1104 (9th Cir. 2008).

"In determining whether the Commissioner's findings are supported by substantial evidence, [this Court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001). "Where the evidence can reasonably support either affirming or reversing the decision, [this Court] may not substitute [its] judgment for that of the Commissioner." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert. denied, 128 S. Ct. 1068 (2008); Vasquez, 547 F.3d at 1104.

The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273,

1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case.  20 C.F.R. §§ 404.1520, 416.920.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(g), 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since his alleged onset date, March 10, 2003.  (Step One).  The ALJ then found plaintiff has "questionably severe cervical and lumbar spine disorders" (Step Two); however, he does not have an impairment or

combination of impairments that meets or equals a Listing. (Step Three). Finally, the ALJ determined plaintiff can perform his past relevant work as a warehouse worker and forklift operator; therefore, he is not disabled. (Step Four).

**IV**

"At Step Four, claimants have the burden of showing that they can no longer perform their past relevant work." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001); Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005). "To determine whether a claimant has the residual [functional] capacity [("RFC")] to perform his past relevant work, the [ALJ] must ascertain the demands of the claimant's former work and then compare the demands with his present capacity."[1] Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986) (footnote added); Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "This requires specific findings as to the claimant's [RFC], the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." Pinto, 249 F.3d at 845. Here, the ALJ found plaintiff has the RFC to perform the full range of medium work.[2] A.R. 13. However, plaintiff contends the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly consider the opinion of plaintiff's treating

---

[1] A claimant's RFC is what he can still do despite his physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[2] Under Social Security regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

physician, Dr. Pratley,[3] and did not properly evaluate lay witness evidence.[4]

**A.  Dr. Pratley's Opinion:**

The medical opinions of treating physicians are entitled to special weight because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999).  Therefore, the ALJ must provide clear and convincing reasons for rejecting the uncontroverted opinion of a treating physician, Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008); Reddick, 157 F.3d at 725, and "[e]ven if [a] treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record."  Reddick, 157 F.3d at 725; Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).

On September 2, 2003, Dr. Pratley opined plaintiff should be restricted from working overhead or prolonged standing, which is

---

[3]  Although the Commissioner contends Dr. Pratley is not a treating physician, Jt. Stip. at 6:14-7:17, since Dr. Pratley saw plaintiff twice within a month and prescribed plaintiff medication, A.R. 162-67, he qualifies as a treating physician. Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994).

[4]  Specifically, plaintiff contends that the ALJ failed to properly consider a third-party function report by Rashane Levells, who stated that plaintiff "can not stand up for long periods of time" and "can not . . . bend down to pick up his son."  See A.R. 114-21.

inconsistent with a determination that plaintiff has the RFC to perform medium work. See S.S.R. 83-10,[5] 1983 WL 31251, *6 (S.S.A.) ("A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. . . .  In most medium jobs, being on one's feet for most of the workday is critical."). Nevertheless, "[a] decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); Tommasetti, 533 F.3d at 1038.  Here, any error was harmless since even if plaintiff was limited to work consistent with Dr. Pratley's opinion, such as sedentary work,[6] plaintiff would still not be considered disabled.[7]  See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.25 (A younger individual (age 18-44) who has no skilled prior work

---

[5] Social Security Rulings constitute the Social Security Administration's interpretations of the statute it administers and of its own regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007); Ukolov v. Barnhart, 420 F.3d 1002, 1005 n.2 (9th Cir. 2005).  Although Social Security Rulings do not have the force of law, Chavez v. Dep't of Health & Human Servs., 103 F.3d 849, 851 (9th Cir. 1996), they are binding upon ALJs and the Commissioner. Holohan, 246 F.3d at 1202-03 n.1; Gatliff v. Comm'r of the Soc. Sec. Admin., 172 F.3d 690, 692 n.2 (9th Cir. 1999).

[6] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

[7] For the same reason, plaintiff's contention that the ALJ did not pose a complete hypothetical question to vocational expert Corinne J. Porter is without merit.

8

experience, who has a limited education, and who is able to perform sedentary work is not disabled). Thus, there is no merit to plaintiff's claim regarding Dr. Pratley.

**B.   Lay Witness Opinion:**

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). Third party function reports are competent evidence, and "an important source of information about a claimant's impairments." Regennitter v. Comm'r of the Soc. Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999); Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000). Here, the ALJ did consider third-party information, but found it "far less persuasive . . . than the medical evidence and opinions" in the record, stating plaintiff's "friend sympathetically repeated [plaintiff's] subjective complaints[,]" which the ALJ rejected as not entirely credible.[8] A.R. 17. Thus, the ALJ provided germane reasons for rejecting Ms. Levells' opinions. See Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (holding ALJ gave germane reasons for doubting claimant's former girlfriend's testimony, which ALJ found was inconsistent with medical evidence and also "possibly 'influenced by her desire to help [him]'" based on her "'close relationship'" with claimant); Lewis, 236 F.3d at 511 ("One reason for which an ALJ may discount lay testimony is that it conflicts with

---

[8] Plaintiff does not challenge the ALJ's negative credibility assessment.

medical evidence."). Thus, there is no merit to plaintiff's third party evidence claim either, and the Commissioner's decision should be affirmed.

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is denied; and (2) the Commissioner's decision is affirmed, and Judgment shall be entered in favor of defendant.

DATE: June 2, 2009          /S/ ROSALYN M. CHAPMAN
                                ROSALYN M. CHAPMAN
                                UNITED STATES MAGISTRATE JUDGE

R&R-MDO\08-0627.mdo
6/2/09

10